IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JULIE RAINWATER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant. | MEMORANDUM IN SUPPORT OF MOTION TO REMAND<br><br>Case No. 4:15-cv-00590-JLH |

I.  **BACKGROUND**

Defendant Keurig Green Mountain, Inc. ("Keurig" or the "Company") dominates and controls at least 89% of the United States market for the manufacture, distribution, and sale of single-serve coffee brewers ("Single-Serve Brewers"). (Class Action Compl. ¶ 13.) These devices dispense hot beverages, such as coffee or tea, in single-serving portions (*id.*), and successful operation of Keurig's product line of Single-Serve Brewers requires insertion of a particular type of portion pack compatible with those machines ("Keurig Compatible Cups") (*Id.* ¶ 14). Keurig dominates and controls no less than 86% of the United States market for the manufacture, distribution, and sale of Keurig Compatible Cups with its Keurig K-Cups. (*Id.* ¶ 15.)

As described in the Class Action Complaint (the "Complaint"), since at least July 2010 Keurig has entered into anticompetitive exclusivity arrangements and agreements with suppliers, coffee manufacturers, distributors, and retailers in an effort to drive others from the market for Keurig Compatible Cups. (*E.g.*, Class Action Compl. ¶ 25.) By way of conduct designed to restrict, restrain, and reduce competition – and thereby maintain supracompetitive prices for K-Cups – Keurig has caused Arkansas consumers to be overcharged for K-Cups and has deprived them access to high-quality and less-expensive alternative products. Keurig's anticompetitive

scheme constitutes an unfair and deceptive practice under the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 to -115 (the "ADTPA"), and Arkansas consumers now seek redress under that statute and the state common law doctrine of unjust enrichment.

Although Plaintiff seeks to vindicate the rights of only Arkansas consumers in an Arkansas court pursuant to Arkansas causes of action, Keurig has now removed the litigation to this federal forum. The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), serves as the sole basis for Keurig's removal, but this matter does not meet that law's minimum monetary requirements for federal diversity jurisdiction. Consistent with Rule 8 of the Arkansas Rules of Civil Procedure, the Complaint specifically maintains that the damages attributable to Keurig's conduct fall far below the applicable jurisdictional threshold. (*See* Class Action Compl. ¶ 8.) As the party calling for federal jurisdiction, Keurig bears the burden of proof on this issue. Even through Keurig knows the exact amount in controversy and could provide the Court with a specific dollar amount in controversy based on sales in the State of Arkansas, Keurig has failed to introduce a shred of evidence to rebut the Complaint's allegations. Because the underlying facts fail to support diversity jurisdiction, and as further demonstrated by this Memorandum, Plaintiff's Motion to Remand (the "Motion") should be granted.

## II. REMOVAL STANDARD

The party seeking removal or opposing remand has the burden of establishing federal jurisdiction. *Transit Cas. Co. v. Certain Underwriter's of Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). More specifically, where the invocation of a federal forum derives from the parties' diversity of jurisdiction, removal is warranted only if its proponent can demonstrate, by a *preponderance of the evidence*, satisfaction of the jurisdictional amount. *Hurst v. Nissan N. Am., Inc.*, 511 Fed. App'x 584, 585 (8th Cir. 2013) (per curiam); *Bell v. Hershey Co.*, 557 F.3d 953, 956, 958 (8th Cir. 2009). "The burden of showing something by a 'preponderance of the evidence,'

. . . requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [finding] in favor of the party who has the burden to persuade the [court] of the fact's existence." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622, 113 S. Ct. 2264 (1993) (quotations omitted). If a removing defendant meets that initial burden, remand will nonetheless follow should the plaintiff show that recovery of the jurisdictional minimum is a legal impossibility. *Hurst*, 511 Fed. App'x at 585; *Bell*, 557 F.3d at 956, 959. Either way, "it is the amount in controversy at the time of removal that controls this jurisdictional inquiry." *Hurst*, 511 Fed. App'x at 586.

### III. ARGUMENT: BECAUSE THE AMOUNT IN CONTROVERSY IS LESS THAN $5 MILLION, FEDERAL DIVERSITY JURISDICTION DOES NOT EXIST UNDER CAFA

"CAFA provides the federal courts with original jurisdiction to hear a class action if . . . the matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quotations omitted). It is this requirement that sounds the death knell for federal jurisdiction here, for a preponderance of the evidence fails to support Keurig's contention that the amount in controversy surpasses the jurisdictional benchmark. Indeed, the only "evidence" offered by Keurig in an attempt to satisfy its burden are general "allegations" by parties in a complaint in another action,[1] none of whom is from Arkansas. Nonetheless, allegations found in a pleading in faraway litigation amounts to *proof* of nothing. *See Bakery Sales Drivers Local Union No. 33 v. Waghal*, 333 U.S. 437, 444 (1948) (explaining that

---

[1] Keurig has not even attached to its Notice of Removal the Complaint from the New York MDL, but has instead provided an internet "link" supposedly providing access to the document. As far as Plaintiff can tell, the link identified by Keurig -- https://ecf.nysd.uscourts.gov/docl/127115564846 -- is inoperative. Therefore, the pleading is not only substantively insufficient to meet Keurig's present evidentiary burden, but it is also – for present purposes – ethereal. This is a complete failure of proof.

3

documents constituting an "informal amendment" to complaint "serve[d] as allegations, not proof"); *PPX Enters., Inc. v. Fredericks*, 94 F. Supp. 2d 477, 485 (S.D.N.Y. 2000) (Motley, J.) (concluding that complaint from another lawsuit, introduced as an exhibit at trial, was "not proof).

The Complaint in this dispute, brought by an Arkansas plaintiff in Arkansas court, alleges that there are fewer than 1,000 Class Members with individual claims of less than $1,000. As a result, the aggregate amount of damages alleged in the Complaint here – the *operative* complaint – is only $1,000,000, at most. Keurig has not introduced any evidence to challenge this figure, and the Company has therefore failed to meet its burden to show that federal jurisdiction is appropriate. The Motion should be granted.

## IV. CONCLUSION

Keurig has not shown by a preponderance of the evidence that the amount in controversy meets the $5,000,000 jurisdictional minimum under CAFA. Consequently, for the reasons stated in this Memorandum, this case should be remanded to the Faulkner County, Arkansas Circuit Court.

DATED: September 22, 2015

Respectfully submitted,

/s/ Thomas P. Thrash
Thomas P. Thrash (ABA No. 80147)
Marcus N. Bozeman (ABA No. 95287)
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, AR 72201
(501) 374-1058 - Telephone
(501) 374-2222 - Facsimile

Dewitt M. Lovelace
**LOVELACE & ASSOCIATES, P.A.**
12870 US Hwy 98 West, Suite 200
Miramar Beach, FL 32550
(850) 837-6020 – Telephone
(850) 837-4093 – Facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of this filing to all counsel of record registered with the CM/ECF system, including the following:

Frank Stewart Headlee
Gregory M. Hopkins
HOPKINS LAW FIRM, P.A.
120 East Fourth Street
Little Rock, Arkansas  72201-2893

/s/ Thomas P. Thrash
Thomas P. Thrash